[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13638
Non-Argument Calendar

_____

Agency No. A071-497-639

SERGUEI MITINE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 30, 2013)

Before CARNES, BARKETT and COX, Circuit Judges.

PER CURIAM:

Serguei Mitine seeks review of the final order of the Board of Immigration

Appeals affirming the immigration judge's denial of his application for asylum,

withholding of removal, and protection under the United Nations Convention

Against Torture.  Mitine argues that the Board erred in affirming the immigration judge's decision without issuing its own separate opinion because he presented new legal issues to the Board that the Board failed to address.

One member of the Board can issue an affirmance of the immigration judge's decision without an opinion if:

> [T]he Board member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that . . . [t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or . . . [t]he factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

8 C.F.R. § 1003.1(e)(4)(i).  The Board did not err in affirming the immigration judge's decision without issuing an opinion.  Mitine fails to demonstrate that the Board violated its regulation in issuing this summary affirmance.

When the Board issues a summary affirmance of the immigration judge's opinion, we review the immigration judge's opinion. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005).  Mitine contends that the immigration judge's decision denying relief on his claim for asylum and withholding of removal is "not clear."  (Pet'r's Br. at 18.)  But, we conclude that the immigration judge did not err in denying relief because Mitine has not demonstrated eligibility

2

for asylum or withholding of removal.  Nor has he demonstrated eligibility for relief under the Convention Against Torture.

Finally, we reject Mitine's argument that the immigration judge erroneously designated Russia as Mitine's country of removal.  An alien may be removed to "[t]he country in which the alien's birthplace is located," 8 U.S.C. § 1231(b)(2)(E)(vi), regardless of whether the country accepts him, *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 342, 125 S. Ct. 694, 700 (2005).  Mitine testified that he was born in what is present-day Russia.  (Admin. R. at 100–02.)

PETITION DENIED.

3